PROB 12C
(REVISED 5/2011)

# United States District Court
for
Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 59]

Name of Offender: Willie B. Anthony, Jr.   Case Number: 3:07-00103

Name of Judicial Officer: The Honorable Aleta A. Trauger, U.S. District Judge

Date of Original Sentence: February 25, 2008

Original Offense: 18 U.S.C. § 922 (g)(1) and 18 U.S.C. 924 (a)(2), Felon in Possession of a Firearm

Original Sentence: 80 months' custody; 3 years' supervised release

Type of Supervision: Supervised Release   Date Supervision Commenced: December 21, 2012

Assistant U.S. Attorney: Bill Abely   Defense Attorney: Mariah Wooten

---

**PETITIONING THE COURT**

___   To Issue a Summons.
___   To Issue a Warrant.
 X    To Consider Additional Violations/Information

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Alleged Violations/Information
☐ Other   at hearing on 6/13/14 at 2:30.

Considered this 12th day of June, 2014,
and made a part of the records in the above case.

Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that the
foregoing is true and correct. Respectfully
submitted,

Joshua Smith
U. S. Probation Officer

Place    Nashville, Tennessee

Date     June 9, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 59, has been amended as follows:

> **Violation No. 1 - has been amended to include additional positive drug tests**
> **Violation No. 2 - has been amended to include additional failures to report for drug testing**
> **Violation No. 3 - has been amended to include an additional criminal charge**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.  **The defendant shall refrain from any unlawful use of a controlled substance.**

    Mr. Anthony has tested positive for cocaine on six occasions.

    | | | |
    |---|---|---|
    | May 3, 2013 | May 30, 2013 | June 20, 2013 |
    | June 26, 2013 | August 20, 2013 | November 18, 2013 |

    Following the drug test on November 18, 2013, Mr. Anthony admitted to recently using cocaine. He cited family stress as the reason for his drug use. He admitted to drug use prior to testing positive on the previous occasions. He refused an increase in substance abuse treatment, stating that he was not an "addict", he just made poor decisions at times.

    Mr. Anthony has tested negative on five occasions since November 18, 2013.

    Mr. Anthony tested positive for cocaine on February 12, 2014.

    Mr. Anthony tested positive for cocaine on February 24, 2014. He reported that he used cocaine during the prior week, before the court hearing, as he was fearful that he was going back to prison. He tested positive for cocaine on March 5, 2014. He denied recent drug use. He tested negative for illegal drugs on March 12, 2014.

    **Mr. Anthony tested positive for cocaine on May 5 and May 27, 2014.**

2.  **The defendant shall participate in a program of drug testing and substance abuse treatment.**

    Mr. Anthony has failed to report for random drug testing on four occasions.

    | | | | |
    |---|---|---|---|
    | February 8, 2013 | April 2, 2013 | May 2, 2013 | May 29, 2013 |

    Following the missed drug test on April 2, 2013, Mr. Anthony submitted a diluted urine sample that was invalid for testing on April 3, 2013. Following a missed drug test on May 2, 2013, he submitted a positive drug test on May 3, 2013, as noted in violation #1. Following a missed drug test on May 29, 2013, he submitted a positive drug test on May 30, 2013.

    Mr. Anthony failed to report for substance abuse treatment on July 17, 2013.

    **Mr. Anthony failed to report for drug testing on May 21 and June 3, 2014.**

3. **The defendant shall not commit another federal, state, or local crime.**

On November 3, 2013, Mr. Anthony was issued a citation by the Metropolitan Police Department for Driving on a Revoked License. **His next court hearing is scheduled for June 16, 2014, in Davidson County General Sessions Court.**

**On March 7, 2014, Mr. Anthony was issued a citation by the Metropolitan Nashville Police Department for Driving on a Revoked License. His next court hearing is scheduled for June 16, 2014, in Davidson County General Sessions Court.**

**On March 7, 2014, Mr. Anthony notified the probation officer that he was driving his girlfriend to the hospital for a medical condition that required immediate medical attention, when he had contact with the police.**

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Anthony began supervised release on December 21, 2012. He is scheduled to terminate supervision on December 20, 2015.

Mr. Anthony was referred for a substance abuse assessment during January 2013. His assessment was completed on March 5, 2013, and no treatment was recommended at that time.

A report was submitted to the Court on May 15, 2013, informing that Mr. Anthony tested positive for cocaine on one occasion and failed to report for drug testing on three occasions. As a result of the positive drug test, he was referred back to substance abuse treatment on May 3, 2013. He began substance abuse treatment on May 22, 2013. He has participated in substance abuse treatment since that time.

A report was submitted to the Court on June 26, 2013, informing that Mr. Anthony tested positive for cocaine on two additional occasions and failed to report for drug testing on one additional occasion. He has continued to test positive for cocaine since beginning substance abuse treatment.

A petition requesting a summons was submitted to the Court on July 29, 2013, reporting that Mr. Anthony tested positive for cocaine on four occasions, failed to report for drug testing on four occasions and failed to report for substance abuse treatment on one occasion. The revocation hearing was continued for six months in order to give Mr. Anthony an opportunity to establish compliance with supervised release conditions.

A revocation hearing was held before Your Honor on February 20, 2014. The hearing was continued until June 13, 2014, to give Mr. Anthony an additional opportunity to benefit from substance abuse treatment and establish compliance with supervise release conditions. As noted previously, the defendant continues to participate in substance abuse treatment.

A petition requesting consideration of additional violations was submitted to the Court on March 17, 2014, reporting that Mr. Anthony tested positive for cocaine on two additional occasions. As a result of continued drug use, Mr. Anthony was enrolled individual substance abuse treatment in addition to group substance abuse treatment. He was discontinued from group substance abuse treatment in May 2014, following the recommendation of the treatment provider, as he has showed no progress while participating in the group setting. He remains in individual substance abuse treatment. Mr. Anthony continues to use illegal drugs despite the various treatment options that he has been afforded.

## Update of Offender Characteristics:

Mr. Anthony was employed at Southern Steak and Oyster until April 2014. He has been employed with SCC Sprinklers since April 2014.

## U.S. Probation Officer Recommendation:

**It is respectfully requested that the additional information be considered at the revocation hearing scheduled before Your Honor on June 13, 2014.**

**This matter has been reported to the U.S. Attorney's Office.**

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

Petition for Warrant or Summons for
Offender Under Supervision

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. WILLIE B. ANTHONY, JR., CASE NO. 3:07-00103

**GRADE OF VIOLATION:**　　　C
**CRIMINAL HISTORY:**　　　　IV

**ORIGINAL OFFENSE DATE:**　　POST APRIL 3, 2003　　　VCCA PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 6-12 months U.S.S.G. § 7B1.4(a) | 8 months |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years less any of imprisonment U.S.S.G. § 5D1.2(a)(2) | No supervision to follow |

**Statutory Provisions:** Revocation is mandatory if the court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant tests positive for illegal controlled substances more than 3 times over the course of 1 year. The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule section 3583 (g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583 (d).

**Guideline Policy Statements:** Upon finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted

_____
Joshua Smith
U. S. Probation Officer

Approved: _____
Vidette Putman
Supervisory U. S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Willie B Anthony, Jr.

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:07CR00103 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 02 / 25 / 2008
                                   month  day  year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | positive drug tests | C |
   | failure to report for drug testing/treatment | C |
   | new criminal activity | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — C

9. **Criminal History Category** *(see §7B1.4(a))* — IV

10. **Range of Imprisonment** *(see §7B1.4(a))* — 6-12 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Willie B Anthony, Jr.

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) _____    Community Confinement _____

   Fine($)        _____    Home Detention          _____

   Other          _____    Intermittent Confinement _____

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: 1 to 3 years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from _____ imprisonment:

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002